HEATHER E. WILLIAMS, #122664
Federal Defender
HANNAH R. LABAREE, #294338
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Hannah_Labaree@fd.org

Attorneys for Defendant
KENNETH BRYANT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH BRYANT,<br><br>　　　　　Defendant. | Case No. 2:18-cr-45 MCE<br><br>STIPULATED MOTION<br>FOR WITHDRAWAL OF GUILTY PLEA<br><br>Judge:  Hon. Morrison C. England, Jr. |

　　　　Plaintiff, United States of America, by and through Timothy Delgado, Assistant United States Attorney, and Defendant Kenneth Bryant, by and through his attorney, Assistant Federal Defender Hannah Labaree, hereby jointly move the Court to allow Mr. Bryant to withdraw his guilty plea, entered on September 13, 2018, and enter a plea of not guilty to the Indictment.

　　　　Under Fed. R. Crim. P. 11(d)(2)(B) (Withdrawing a Guilty or Nolo Contendere Plea), "a defendant may withdraw a plea of guilty…after the court accepts the plea, but before it imposes sentence if…the defendant can show a fair and just reason for requesting the withdrawal." See also United States v. King, 246 F. 3d 1166, 1175 (9th Cir. 2001) ("[i]f a motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason.") This Court has essentially unlimited "power to permit a defendant to withdraw a plea that has already been entered and accepted." United States v. Burdeau, 168 F.3d 352, 358 (9th Cir.) cert. denied 528 U.S. 958 (1999).  A

motion to withdraw guilty plea should be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude. United States v. Jones, 168 F.3d 1217, 1219 (10th Cir. 1999) cert. denied 121 S.Ct. 641 (2000).

Mr. Bryant pled guilty to Counts 1 and 18 of the Indictment on September 13, 2018 pursuant to a written plea agreement. CR 30.

The parties file this stipulated motion to withdraw Mr. Bryant's guilty plea because of facts of the case which were developed after entry of the plea, related to the background information on ATF Agent Matthew Ryckman and a specific confidential informant, both of whom were involved in the underlying investigation. The specific information has been disclosed to the defense under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). The government has informed the defense that the newly developed facts came to light on a date after the entry of Mr. Bryant's guilty plea.

The nature of the information fundamentally undermines the factual basis for the guilty plea entered in this case. This constitutes a "fair and just" reason to allow withdrawal of the plea. Therefore, the parties jointly move for a withdrawal of Mr. Bryant's guilty plea. A simultaneously filed memo puts forth the parties' request to vacate the current date set for judgment and sentencing, and to place this matter on calendar for withdrawal of plea.

DATED: January __, 2019                HEATHER E. WILLIAMS
                                       Federal Defender

                                       /s/ Hannah Labaree
                                       HANNAH LABAREE
                                       Attorney for Defendant
                                       KENNETH BRYANT

DATED: January __, 2019                MCGREGOR W. SCOTT
                                       United States Attorney

                                       /s/ Timothy Delgado
                                       TIMOTHY DELGADO
                                       Assistant United States Attorney